UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23686

JORGE ARMANDO DERAS,
For himself and others similarly situated,

    Plaintiff,

vs.

PIKE ELECTRIC, LLC,

    Defendant.
_____/

## **CLASS ACTION COMPLAINT FOR VIOLATION(S) OF 26 U.S.C. §7434**

Plaintiff, Jorge Armando Deras, through his undersigned counsel and sues Defendant, Pike Electric, LLC, for himself and others similarly situated as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Jorge Armando Deras**, was at all relevant times a citizen of Miami-Dade County, Florida, over 18 years old, and *sui juris*.

2. **Defendant, Pike Electric, LLC,** is *sui juris* limited liability corporation out of North Carolina that conducts business in this District.

3. This Court has original jurisdiction over Plaintiff's claims that arise under federal law pursuant to 26 U.S.C. §7434.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant is a foreign corporation that maintains multiple offices within this District and because most of the actions complained of occurred within this District.

1

## *Class Representation Allegations*

5. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this class action for himself and all other similarly situated individuals employed Defendant in Florida during the past five years who received "per diem" payments.

6. Plaintiff seeks to bring this case as a class action because Defendant systematically underreported the wages earned by its employees in Florida by not including the "per diem" payments it made in the wages it reported as earned by its hourly employees in Florida.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff seeks certification of and is a member of the following putative class:

> **All individuals who (1) were employed by Pike Electric, LLC in Florida; (2) who received a "per diem" payment from Pike Electric, LLC; (3) who received a W-2 from Pike Electric, LLC after January 1, 2017; and (4) who have not opted-out of this Class Action.**

8. Plaintiff reserves the right to amend or modify this Complaint and/or the Class definition after receiving Defendant's Answer(s) and Affirmative Defenses to the Complaint and responses to meaningful discovery and/or in any forthcoming motion for class certification.

9. Specifically excluded from the Class are Defendant, its officers, directors, agents, trustees, parents, children, the Judge assigned to this action, and any member of the Judge's immediate family.

10. This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3).

    a) <u>Numerosity</u>: This action satisfies numerosity. The class defined above is sufficiently numerous that separate joinder of each member is impracticable, as the class will be comprised of more than twenty-five (25) absent class members. Though

the exact number and identity of Class members is not presently known, they can be identified through the review of records in Defendant's possession, custody and control.

b) <u>Commonality</u>: The named Plaintiff's claims raise questions of law and fact common to each member of the Class, which include, but are not limited to:

   i. whether Defendant paid each member of the Class a "per diem" payment;

   ii. whether Defendant knew that it paid a "per diem" payment to each member of the Class;

   iii. whether Defendant received an expense as a requirement to obtain each "per diem" payment;

   iv. whether Defendant failed to include the "per diem" payments it made to each member of the Class in the W-2's issued to each person; and

   v. Defendant's defenses, to the extent that any such defenses apply, are commonly and generally applicable to Plaintiff and to the entire Class and are not distinguishable or applicable against individual members of the proposed Class.

c) <u>Typicality</u>: Plaintiff's claim is typical of the claims available the Class members because the he, like all members of the Class, received a "per diem" payments from Defendant on a weekly basis, did not submit expense reports for his "per diem" payments, received W-2's from Defendant that did not include the

3

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

amounts paid to him for the "per diem" in the gross annual income, and did not receive contributions to his social security based on the additional wages he received in the "per diem" payments made to him by Defendant.

d) <u>Adequacy</u>: Plaintiff will vigorously pursue the claim alleged herein for himself and the others similarly situated. Neither Plaintiff nor his claim has any adverse interests to the proposed Class members because he asserts the same claim against Defendant under 26 U.S.C. §7434, and he seeks the same relief, as the absent class members if each were to bring an individual action. Plaintiff will adequately protect and represent the interests of each Class member. Furthermore, Plaintiff's counsel is experienced in class actions and intimately familiar with claims pursuant to 26 U.S.C. §7434.

e) <u>Predominance</u>: Pursuant to Rule 23(b)(3), class certification is appropriate because the claim alleged on behalf of the class, as described in this Complaint, predominate over any question of law or fact affecting individual members of the class. The predominance questions of law or fact are clear, precise, well-defined, and applicable to Plaintiff as well as every other member of the proposed class.

f) <u>Superiority</u>: Class representation is superior to other available methods for the fair and efficient adjudication of the controversy for a number of reasons including, but not limited to, the following:

    i) this action challenges the standard policy of a long-time employer and therefore some employees may be reluctant to bring claims individually for fear of retaliation;

4

ii) class members do not have the resources to bring their claims individually;

iii) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the proposed Class that would establish incompatible standards of conduct for Defendant;

iv) the claims in this action are manageable on a class-wide basis and can be the subject of a class-wide plan for litigating and resolving these issues;

v) the damages that Plaintiff seeks to recover for himself and others similarly situated are quantifiable and readily calculated through a common formula;

vi) it would be an inefficient use of scarce judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim; and

vii) Defendant acted or refused to act on grounds generally applicable to the Class.

11. Notice of a certified class action and of any result or resolution of the litigation can be provided to Class members by first-class mail, email, and by provision in the pay checks/stubs of Class members still employed by Defendant, or such other method(s) of notice as deemed appropriate by the Court and paid for by Defendant.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

### *Common Factual Background*

12. Plaintiff worked for Defendant for several months in 2017, and then again from 2018 through June 17, 2020.

13. Defendant paid Plaintiff and the other similarly situated employees, and it was responsible for the direct deposit payments to them, the provision of pay stubs to them, the contributions to be made to social security for them, and for the payment of taxes to the IRS for them based on the wages earned by and paid to Plaintiff and the others similarly situated.

14. Defendant was and remains responsible for the accurate reporting of all income paid to Plaintiff and the others similarly situated as wages, for the issuance of correct Form W-2's to Plaintiff and the others similarly situated year during the past five (5) calendar years, and for the filing of correct information returns for each of the past five (5) calendar years.

15. Defendant was and remains responsible for requesting and receiving expense reports for all "per diem" payments if those payments were intended to reimburse its employees and to not considered as wages and for performing an accounting to determine whether the expense reports covered the "per diem" payments.

16. Federal law, at 29 C.F.R. §1.62-2, allows Defendant to exclude from the taxable wages included on the W-2's issued to Plaintiff and the others similarly situated the "per diem" payments, so long as Defendant received expense reports to substantiate the entirety of the "per diem" payments.

17. Defendant paid Plaintiff and other similarly situated employees in Florida a "per diem" amount that it paid to them on a weekly basis.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

18. Defendant excluded the total amount that it paid to Plaintiff and its other similarly situated employees for the "per diem" in the in the information returns (Form W-2's) that Defendant issued/submitted for each year in which Plaintiff and its other similarly situated employees received "per diem" payments from Defendant.

19. Defendant willfully served/filed/provided Plaintiff and its other similarly situated employees with fraudulent and/or false IRS Form W-2's during the past five years by significantly underreporting the wages it paid to each by excluding the "per diem" payments from the annual gross wages reported.

20. "[W]here willfulness is a statutory condition of civil liability", the United States Supreme Court held that "it to cover[s] not only knowing violations of a standard, but reckless ones as well." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 (2007)

21. Defendant knew and/or reasonably should have known it was required to include the "per diem" payments it made to Plaintiff and its other similarly situated employees in the gross wages identified on the Form W-2's it issued to them, but it did not.

22. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

(3) in the court's discretion, reasonable attorneys' fees.

23. Plaintiff and the other similarly situated employees suffered damages because of Defendant's willful provision of false/fraudulent information returns for them by failing to receive the entirety of the social security contributions and tax payments that Defendant would and should have made if it had included all the wages paid in each calendar year in the W-2's.

24. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

25. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

WHEREFORE Plaintiff, Jorge Armando Deras, demands the entry of a judgment in his favor and against Defendant, Pike Electric, LLC, after trial by jury and as follows:

    a.    That Plaintiff be appointed as the representative of the Class;

    b.    That Plaintiff's counsel be appointed as class counsel;

    c.    That Plaintiff and each member of the Class recover the greater of $5,000 or the actual damages sustained for each fraudulent information return filed/served by Defendants for each calendar year, as set forth above;

    d.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

    e.    That Plaintiff recover all interest allowed by law; and

    f.    Such other and further relief as the Court deems just and proper.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Jorge Deras, demands a trial by jury of all issues so triable.

Dated this 9th day of November 2022.

                                                    s/Brian H. Pollock, Esq.
                                                    Brian H. Pollock, Esq.
                                                    Fla. Bar No. 174742
                                                    brian@fairlawattorney.com
                                                    FAIRLAW FIRM
                                                    135 San Lorenzo Avenue
                                                    Suite 770
                                                    Coral Gables, FL 33146
                                                    Tel:    305.230.4884
                                                    *Counsel for Plaintiff(s)*

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*